
FILED
SEP 15 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOEL DAVIS, JR.,

    Plaintiff,

v.    Civil Action No. 3:09CV335-HEH

ROBERT J. McCABE,

    Defendant.

## MEMORANDUM OPINION
(Dismissing Without Prejudice Action Under 42 U.S.C. § 1983)

Plaintiff, a Virginia prisoner proceeding *pro se*, brought this § 1983 civil rights action against Robert J. McCabe, the Sheriff for the City of Norfolk. Sheriff McCabe filed a Motion to Dismiss on January 7, 2010. Plaintiff has not responded. The matter is ripe for disposition.

### I. Standard for a Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual

allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Thus, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Furthermore, the alleged facts must be sufficient to "produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1952).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. The Allegation in the Complaint

In 2008 and 2009, Plaintiff was confined in the Norfolk City Jail.[1] The allegations of Plaintiff's complaint are set forth verbatim, as follows:[2]

> On May 1, 2008, Mr. Davis body was not looking right. At first I waited for days to go by to see the results. Next thing I know my rash on Mr. Davis skin started to spread everywhere next thing Mr. Davis knew he had it on his back and his arms. Mr. Davis never had this rash on his body before. This been going on for 12 months straight. Mr. Davis said he wrote to Sheriff Mr. Robert J. McCabe about the itchy water problem so he could try to fix it. But Mr. McCabe never gave Mr. Davis a answer back. I kept calling my lawyer Mr. Bragg. He even wrote to Mr. McCabe to let him know what was wrong with Mr. Davis skin, but Mr. McCabe never respond back. Until this day Mr. Davis skin doesn't look right at all. Mr. Davis try every cream for it. But it doesn't work for Mr. Davis. Mr. Davis is mark for life. They gave me this cream call Triamcinolone Acetonide. I'm stress out losing weight due to the fact of the situation that happen in hand. I'm starting to have couselor of the stress, because I aint eating right. My arms is still peeling & black spots is still occur, and I have try everything and its no results. I feel like I carring a skin disease that is hereditated or some! And its not.

---

[1] When Plaintiff filed the complaint in May of 2009, Plaintiff was confined in the Mecklenburg Correctional Center.

[2] The Court has corrected the capitalization in the quotations to Plaintiff's complaint.

3

(Compl. 5.) Plaintiff further acknowledges that after his initial complaints went unanswered, he received substantial assistance from Mr. Roy, a nurse at the Norfolk City Jail. (Compl. 4.) Specifically, Mr. Roy "was trying his best to help Mr. Davis with every medication they had. But none of the medication would not work for Mr. Davis['s] skin." (Compl. 4.) Plaintiff demands $30 million dollars in damages. (Compl. 6.)

### III. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Apparently, Plaintiff contends that Sheriff McCabe violated his rights under the Eighth Amendment.[3] It is not clear, however, whether Plaintiff is asserting an Eighth Amendment violation based on the fact that water at the jail was "itchy" or because Plaintiff believes he received inadequate medical care for his skin condition. Nevertheless, as explained below, Plaintiff has failed to allege sufficient facts to plausibly suggest that Sheriff McCabe violated Plaintiff's Eighth Amendment rights with respect to the water at the jail or to the provision of adequate medical care.

In order to state an Eighth Amendment claim, a plaintiff must allege facts that suggest, "(1) a serious deprivation of a basic human need; and (2) deliberate indifference

---

[3] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

to prison conditions on the part of prison officials." *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991) (internal citation omitted) (citing *Wilson v. Seiter*, 501 U.S. 294, 301-03 (1991)). Deliberate indifference requires the plaintiff to allege facts which suggest that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff's claims of deliberate indifference are predicated upon a letter he wrote to Sheriff McCabe and a letter his attorney wrote to Sheriff McCabe. Plaintiff, however, fails to allege facts that suggest "that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Farmer*, 511 U.S. at 837). Rather, Plaintiff simply alleges that he wrote the Sheriff about "the itchy water problem" and that Plaintiff's counsel also wrote to Sheriff McCabe "to let him know what was wrong with Mr. Davis skin." (Compl. 5) Such scanty allegations are insufficient to support a plausible Eighth Amendment claim against Sheriff McCabe.[4] *See Smith v. Harvey*, No. 1:08cv00816, 2010 WL 1292473, at *4-5 (N.D. Ill. Mar. 29, 2010) (dismissing similar claims); *Williams v. Burgess*, No. 3:09cv00115, 2010 WL 1957105, at * 3 (E.D. Va. May 13, 2010) ("The indulgence

---

[4] Given Plaintiff's allegations regarding the medical care he had received, it is not reasonable to infer that either Plaintiff or his attorney informed Sheriff McCabe that Plaintiff was not receiving any medical care for his rash. *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 385-86 (4th Cir. 2009) (explaining that when reviewing a motion to dismiss courts do not accept as true "'unwarranted inferences'" (quoting *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006))), *cert. denied*, 130 S. Ct. 1740 (2010).

shown to *pro se* litigants does not relieve them of the obligation to provide each defendant with fair notice of the facts upon which his or her liability rests." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). Accordingly, the motion to dismiss will be granted. Nevertheless, because Plaintiff ultimately may be able plead sufficient facts to state a viable claim against Sheriff McCabe, the action will be dismissed without prejudice. *See id.*

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept 14, 2010
Richmond, Virginia